FILED
2011 Jan-03 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT B



## Case Action Summary - 01CV201090419300

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/23/2010 | 11:30:22 | EFILE | COMPLAINT E-FILED. | PHI053 |
| 11/23/2010 | 11:32:15 | EFILE | COMPLAINT - SUMMONS | |
| 11/23/2010 | 11:32:25 | FILE | FILED THIS DATE: 11/23/2010          (AV01) | AJA |
| 11/23/2010 | 11:32:26 | ASSJ | ASSIGNED TO JUDGE: ED RAMSEY          (AV01) | AJA |
| 11/23/2010 | 11:32:27 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 11/23/2010 | 11:32:28 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 11/23/2010 | 11:32:29 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 11/23/2010 | 11:32:30 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 11/23/2010 | 11:32:31 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 11/23/2010 | 11:32:32 | C001 | C001 PARTY ADDED: DAVIS BETTY          (AV02) | AJA |
| 11/23/2010 | 11:32:33 | ATTY | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO | AJA |
| 11/23/2010 | 11:32:34 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 11/23/2010 | 11:32:37 | D001 | D001 PARTY ADDED: CACH, LLC          (AV02) | AJA |
| 11/23/2010 | 11:32:38 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 11/23/2010 | 11:32:39 | SUMM | CERTIFIED MAI ISSUED: 11/23/2010 TO D001   (AV02) | AJA |
| 11/23/2010 | 11:32:40 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 11/23/2010 | 11:32:43 | D002 | D002 PARTY ADDED: EQUIFAX INFORMATION SERVICES LLC | AJA |
| 11/23/2010 | 11:32:44 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 11/23/2010 | 11:32:45 | SUMM | CERTIFIED MAI ISSUED: 11/23/2010 TO D002   (AV02) | AJA |
| 11/23/2010 | 11:32:46 | EORD | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 11/23/2010 | 11:32:48 | D003 | D003 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS, | AJA |
| 11/23/2010 | 11:32:50 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 11/23/2010 | 11:32:51 | SUMM | CERTIFIED MAI ISSUED: 11/23/2010 TO D003   (AV02) | AJA |
| 11/23/2010 | 11:32:52 | EORD | D003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 11/23/2010 | 4:12:00 | EAMEN | AMENDED COMPLAINT E-FILED. | PHI053 |
| 11/23/2010 | 4:12:26 | EAMEN | COMPLAINT - TRANSMITTAL | |
| 11/24/2010 | 3:26:48 | EAMEN | AMENDED COMPLAINT E-FILED. | PHI053 |
| 11/24/2010 | 3:26:57 | EAMEN | COMPLAINT - TRANSMITTAL | |
| 11/29/2010 | 9:34:16 | ---- | SCANNED - CERTIFIED MAIL - BETTY DAVIS | |
| 12/02/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON CACH, LLC/ SIGNED BY LAURA PAYNE | |
| 12/02/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON EXPERIAN INFORMATION SOLUTIONS INC/ SIGNED BY JAMES BELLAMY | |
| 12/02/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON EQUIFAX INFORMATION SERVICES LLC/ SIGNED BY LAURA PAYNE | |
| 12/10/2010 | 4:24:43 | SERC | SERVICE OF CERTIFIED MAI ON 12/02/2010 FOR D003 | ALW |
| 12/10/2010 | 4:25:14 | SERC | SERVICE OF CERTIFIED MAI ON 12/02/2010 FOR D001 | ALW |
| 12/21/2010 | 9:55:33 | SERC | SERVICE OF CERTIFIED MAI ON 12/02/2010 FOR D002 | ALW |

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br>Date of Filing:<br>11/23/2010 |  |
|---|---|---|---|

ELECTRONICALLY FILED<br>11/23/2010 11:30 AM<br>CV-2010-904193.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### BETTY DAVIS v. CACH, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F☑ INITIAL FILING   A☐ APPEAL FROM DISTRICT COURT   O☐ OTHER

R☐ REMANDED   T☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   PHI053   11/23/2010 11:24:01 AM   /s WESLEY L PHILLIPS

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided



ELECTRONICALLY FILED
11/23/2010 11:30 AM
CV-2010-904193.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **CACH, LLC; EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC; and EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Mary Frances Lawley is a resident of Shelby County, over 19 years of age,

and is competent to bring this action.

2.      Defendant CACH, LLC (hereinafter "CACH") is registered in Colorado with its

principal place of business located in Denver, Colorado and was doing business in Jefferson County,

Alabama at all times material to this Complaint.  CACH acted as a debt collector and debt buyer

throughout the United States including Jefferson County, Alabama at all times material to this

Complaint.

3.      Defendant Equifax Information Services LLC (hereinafter "Equifax") is

registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing

business in Jefferson County, Alabama at all times material to this Complaint.

4.      Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an
Ohio corporation with its principal place of business located in Orange, California and was doing
business in Jefferson County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5.      In August, 2009, Defendant CACH sued Plaintiff in the Small Claims Court of
Jefferson County, Alabama, with a case number of SM-09-901916. In this suit, Defendant CACH
asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted
the amount owed was $1355.11.

6.      Plaintiff answered the Complaint with a denial of CACH's claims, and the trial of
lawsuit numbered SM-09-901916 occurred on or about June 21, 2010.

7.      On June 21, 2010, The Honorable John E. Amari, District Judge for Jefferson
County, entered an Order finding for Ms. Davis and against CACH in case number SM-09-901916.

8.      The verdict entered in favor of Plaintiff Betty Davis and against Defendant CACH
by the Court was a final adjudication on the merits.

9.      Defendant CACH did not appeal within the time allowed, thus, making the judgment
a final judgment from which an appeal no longer lies.

10.     Defendant CACH is not the owner of this alleged debt.

11.     Defendant CACH reported to the credit reporting agencies that Plaintiff owed this
money and was in default.

12.     Plaintiff did not owe this money to Defendant CACH.

13.     The debt being collected is a "consumer debt" as defined by the FDCPA.

14.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

15.     Defendant CACH is a "debt collector" as defined by the FDCPA.

16.     After the dismissal with prejudice by the Small Claims Division of the District Court, Plaintiff sent a letter to Defendants Equifax and Experian requesting an investigation and/or reinvestigation of the account that still appeared on Plaintiff's credit reports with regard to CACH.

17.     Plaintiff requested the accounts be deleted, as Plaintiff did not owe said account.

18.     Plaintiff requested Defendants Equifax and Experian to contact the Defendant CACH's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

19.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

20.     In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21.     Defendants Equifax and Experian notified Defendant CACH in accordance with the FCRA of the dispute by the Plaintiff.

22.     Alternatively, Defendants Equifax and Experian did not properly notify Defendant CACH and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant CACH. This includes notification that Plaintiff won the lawsuit in the District Court.

23.     All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

24.     On August 19, 2010, Defendant Equifax issued its results of investigation and re-investigation, Confirmation report number 0206005664 verifying the Defendant CACH account with an account balance of $1355, with $1355 past due, and that it is a collection account. The report of

Defendant Equifax issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Equifax and/or CACH following the entering of judgment against Defendant CACH in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

25.     On September 16, 2010, Defendant Experian issued the result of its investigation and reinvestigation after Plaintiff having had to twice request it to investigate and/or reinvestigate this account, Confirmation report number 3760-2906-40 verifying the Defendant CACH account and refusing to delete said account although Plaintiff provided Defendant Experian the proper information to show said account was not properly placed in or on her credit report, record, and/or file. The report Defendant Experian issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Experoian and/or CACH following the entering of judgment against Defendant CACH in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

26.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant CACH through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

27.     Defendants Equifax and Experian has proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

28.     For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Equifax and

Experian would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

29.     Defendants Equifax and Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

30.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant CACH; and the District Court's ruling was a final judgment.

31.     The dismissal with prejudice was not appealed to the Jefferson County Circuit Court, and there is no avenue for appeal for Defendant CACH of this judgment as the time to appeal has long since passed.

32.     Despite this knowledge, Defendants Equifax and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever the customer, Defendant CACH, has told it to say.

33.     Defendants Equifax and Experian have a policy to favor the paying customer, in this situation Defendant CACH, rather than what the consumer or even a court says about a debt.

34.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

35.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36.     Defendant CACH has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant CACH knows no balance is owed.

37.     Defendant CACH promises through its subscriber agreements or contracts to accurately update accounts but Defendant CACH has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

38.     Defendant CACH had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39.     Defendant CACH has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct. In this matter, Defendants CACH and Experians' failure to remove Plaintiff's account is a prime example of "parking" an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

40.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

41.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

42.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

43.    At all relevant times the Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44.    Defendant CACH  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

45.    Defendant CACH has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Equifax and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

46.    Defendants Equifax and Experian have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

47.    The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future

mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

48.     It is a practice of Defendant CACH to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

49.     It is a practice of Defendants Equifax and Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

50.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

52.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

53.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

54.     Defendant CACH violated the FDCPA in numerous ways, including, but not limited to the following:

        a.     Falsely reporting the debt on Plaintiff's credit reports with at Equifax when Plaintiff does not owe the money;

        b.     Suing the Plaintiff when there was no basis to do so;

        c.     Continuing to assert the suit in state court when Defendant CACH knew, or should have known, there was no basis for doing so;

        d.     Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

        e.     Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant CACH is not entitled to collect upon.

55.     The violations of the FDCPA by the Defendant CACH are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant CACH's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant CACH for statutory, actual, compensatory and/or punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact plus attorneys' fees, together with interest from the date of injury and the costs and expenses of this proceeding.

<u>**COUNT II**</u>

<u>**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**</u>
<u>**15 U.S.C. § 1681 et seq.**</u>

56.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

57.     Defendants Equifax and Experian are a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

58.     Defendant CACH is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

59.     Plaintiff notified Defendants Equifax and Experian directly of a dispute on the Defendant CACH's account's completeness and/or accuracy, as reported.

60.     The credit reporting agency, Defendants Equifax and Experian, failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate and/or reinvestigate Plaintiff's disputes.

61.     Plaintiff alleges that at all relevant times Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

62.     Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but

apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant CACH and/or other proper and reasonable measures.

63.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

64.     Defendants Equifax, Experian and/or CACHs' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant CACH for statutory, actual, compensatory and/or punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact plus attorneys' fees, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

65.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66.     Defendant CACH published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being

"disputed".

67.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

68.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

69.     Plaintiff has been damaged as a proximate result of Defendant CACH's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant CACH for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

70.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71.     Defendant CACH recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

72.     Plaintiff has been damaged as a proximate result of Defendant CACH's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant CACH for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

### NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

73.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74.     Defendant CACH has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

75.     Defendant CACH has agreed to follow and understands it must follow the requirements of the FCRA.

76.     Defendant CACH has a duty under Alabama law to act reasonably under the circumstances.

77.     Defendant CACH has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

78.     Defendant CACH violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

79.     Defendants Equifax and Experian violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

80.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax, Experian, and/or CACH, jointly and severally, for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

### NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING

81.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

82.     Defendants Equifax, Experian, and/or CACH were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

83.     The employees and/or agents of these Defendants, while acting in furtherance of

each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

84.     The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

85.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax, Experian, and/or CACH, jointly and severally, for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

                 s/Wesley L. Phillips
                 Wesley L. Phillips (PHI053)
                 Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

                                                       s/Wesley L. Phillips
                                                       OF COUNSEL

Plaintiff's Address:
4571 Nauvoo Road
Nauvoo, Alabama 35578

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

CACH, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax Information Services LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104



ELECTRONICALLY FILED
11/23/2010 11:30 AM
CV-2010-904193.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **BETTY DAVIS,**           ) | |

**BETTY DAVIS,**                    )
                                    )
    **Plaintiff,**              )
                                    )
                                    )
**vs.**                             )    **Case No.:** _____
                                    )
**CACH, LLC; EQUIFAX INFORMATION**  )
**SERVICES LLC; and EXPERIAN**      )
**INFORMATION SOLUTIONS, INC.;**    )
                                    )
                                    )
    **Defendants.**             )

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**    **CACH, LLC**
                      **c/o C T Corporation System**
                      **2 North Jackson St., Suite 605**
                      **Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PHILLIPS LAW GROUP, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.


                                        _____
                                        Clerk of Court

Dated: _____



ELECTRONICALLY FILED
11/23/2010 11:30 AM
CV-2010-904193.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **CACH, LLC; EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC; and EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Experian Information Solutions, Inc.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PHILLIPS LAW GROUP, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

_____
Clerk of Court

Dated: _____